INTERNATIONAL LONGSHORE & WAREHOUSE UNION, et al., Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent

ICTSI Oregon, Inc., Intervenor

No. 15-1344

Consolidated with 15-1428

September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: November 6, 2017

Amy Endo, Esquire, Emily Maglio, Attorney, Eleanor I. Morton, Esquire, Attorney, Robert Steven Remar, Esquire, Attorney, Leonard Carder, LLP, San Francisco, CA, for Petitioners

Julie B. Broido, Supervisory Attorney, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, Greg Paul Lauro, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent

Michael T. Garone, Thomas M. Triplett, Schwabe, Williamson and Wyatt, Bend, OR, Peter J. Hurtgen, Attorney, Curley, Hurtgen & Johnsrud LLP, New York, NY, Carter Glasgow Phillips, Virginia Anne Seitz, Attorney, Sidley Austin LLP, Washington, DC, for Intervenor for Respondent

David Reece Broderdorf, Esquire, Charles I. Cohen, Jonathan C. Fritts, Judd Edward Stone, II, Morgan, Lewis & Bockius LLP, Washington, DC, Allyson Newton Ho, Attorney, Morgan, Lewis & Bockius LLP, Dallas, TX, for Amicus Curiae for Petitioner Pacific Maritime Association

Jason T. Morgan, Attorney, Stoel Rives LLP, Seattle, WA, for Amicus Curiae for Respondent Port of Portland

Mark D. Schneider, International Association of Machinists & Aerospace Workers, Upper Marlboro, MD, Caren Pamela Sencer, Weinberg Roger & Rosenfeld, Alameda, CA, for Amicus Curiae for Respondent International Association of Machinists and Aerospace Workers, AFL-CIO

Victoria Louise Bor, Sherman, Dunn, Cohen, Leifer & Yellig, PC, Washington, DC, for Amicus Curiae for Respondent North America's Building Trades Unions

Linda Dreeben, Deputy Associate General Counsel, Greg Paul Lauro, Julie B. Broido, Supervisory Attorney, John H. Ferguson, Associate General Counsel, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Petitioner

Amy Endo, Esquire, Emily Maglio, Attorney, Eleanor I. Morton, Esquire, Attorney, Robert Steven Remar, Esquire, Attorney, Leonard Carder, LLP, San Francisco, CA, for Respondents

David Reece Broderdorf, Esquire, Charles I. Cohen, Jonathan C. Fritts, Judd Edward Stone, II, Morgan, Lewis & Bockius LLP, Washington, DC, Allyson Newton Ho, Attorney, Morgan, Lewis & Bockius LLP, Dallas, TX, for Movant-Amicus Curiae for Petitioner Pacific Maritime Association

Jason T. Morgan, Attorney, Stoel Rives LLP, Seattle, WA, for Movant-Amicus Curiae for Respondent Port of Portland

Victoria Louise Bor, Sherman, Dunn, Cohen, Leifer & Yellig, PC, Washington, DC, for Movant-Amicus Curiae for Re-

spondent North America's Buliding Trades Unions .

Mark D. Schneider, International Association of Machinists & Aerospace Workers, Upper Marlboro, MD, Caren Pamela Sencer, Weinberg Roger & Rosenfeld, Alameda, CA, for Movant-Amicus Curiae for Respondent International Association of Machinists and Aerospace Workers, AFL-CIO

Before: Griffith and Kavanaugh, Circuit Judges, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

These cases were considered on the record from the National Labor Relations Board and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted for the reasons stated below.

The International Longshore & Warehouse Labor Union et al. ("ILWU") petition for review of the National Labor Relations Board's ("NLRB," or the "Board") decisions (1) affirming the Administrative Law Judge's ("ALJ") determination that ILWU lacked a lawful work preservation objective, (2) affirming the ALJ's denial of ILWU's motion to reopen the record to consider new evidence, (3) denying ILWU's motion to take administrative notice of the transcript and evidence from the second case on this issue, (4) denying ILWU's motion to consolidate this case with the second case on this issue, and (5) denying ILWU's motion to supplement its exceptions to argue that the Board's Acting General Counsel lacked authority to issue the underlying complaint because he was unconstitutionally appointed. The NLRB cross-applies for enforcement of its decision and order.

Our review of unfair labor practice determinations by the Board is "quite narrow." *Traction Wholesale Ctr. Co. v. NLRB*, 216 F.3d 92, 99 (D.C. Cir. 2000). We set aside orders of the NLRB only if the Board lacks a reasonable basis in law, fails to apply the proper legal standard, departs from precedent without reasoned justification, or its factual determinations lack substantial evidence. *See Titanium Metals Corp. v. NLRB*, 392 F.3d 439, 445-46 (D.C. Cir. 2004); *see also Sutter E. Bay Hosps. v. NLRB*, 687 F.3d 424, 437 (D.C. Cir. 2012). Under this standard, the Board's findings are "conclusive" if supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

A lawful work preservation objective must target a signatory employer that has the power to give the work to the employees, the "right of control" test. *NLRB v. Int'l Longshoremen's Ass'n, AFL-CIO*, 447 U.S. 490, 504, 100 S.Ct. 2305, 65 L.Ed.2d 289 (1980). ILWU argues that the Board committed legal error because the shipping carriers own their refrigerated shipping containers ("reefers"), and by virtue of that ownership, they have the ultimate right of control as to who handles the reefers. *Cf. id.* at 512 n.27, 100 S.Ct. 2305. The ALJ rejected this claim, reasoning that "[t]hough it is true that the carriers own or lease all of the reefers, they purchase available terminal services necessary to load, unload and store their containers from the terminal owners or operators." The ALJ relied on evidence that "when the Port [of Portland] leased [the Terminal 6] container operation to ICTSI, it carefully reserved the historical practices that de-

veloped over the years with respect to the work performed by [IBEW]" and "[n]o evidence shows that the Port ever relinquished its control at any time to anyone . . . to perform the dockside reefer work." The Board affirmed the ALJ's analysis that the Port of Portland ("Port") was the primary employer because it retained the right to control the assignment of the dockside reefer work. Therefore, ILWU labor practices targeted against ICTSI, the shipping carriers, or any other neutral party to pressure the Port to re-assign the dockside reefer work were unlawful secondary boycotts targeting an employer that did not have the right to control the work. Because the Board's conclusion applied the proper legal standard and its factual findings regarding the Port's right of control over the reefer work are supported by substantial evidence, we need not opine on whether the contested dockside reefer work was fairly claimable by ILWU. Therefore, we deny ILWU's petition with respect to this issue.

The petitioners' remaining arguments for review seek to have us redetermine factual questions and the conclusive determination made by the Board. Upon review of the record and the arguments of counsel, we conclude that the Board's decisions survive the standard of review and that the Board did not abuse its discretion with respect to its rulings on ILWU's motions. Furthermore, the Board's conclusions of law are all reasonable and must be upheld. *See Chevron, U.S.A. Inc. v. NRDC*, 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

For these reasons, the ILWU's petition is denied and the Board's cross-application for enforcement is granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.